H. P. BOTTOM *v.* HARRY BONTA, EX'R, ET AL.

**Sheriff's Deed—Consent to an Order Setting Aside Sheriff's Deed.**
   One who has consented in open court to an order setting aside a sheriff's deed cannot complain of such order. Neither can one complain of such order who is not prejudiced by it.

**Judgment—Description of Land.**
   A judgment ordering the sale of land should be set aside when it contains no such description of the land that the land can be identified.

APPEAL FROM MERCER CIRCUIT COURT.

October 24, 1877.

OPINION BY JUDGE COFER:

The appellees sued the appellant for a large sum alleged to have been paid by them as appellant's surety, and in the same petition sought to set aside a sheriff's sale, under an execution in favor of the Commercial Bank of Kentucky, of land belonging to the appellant, at

which sale T. P. Mitchell became the purchaser for the firm of Mitchell & Barbee.

Appellant denied this alleged indebtedness to the appellees, but that matter is not questioned here. The answer of Barbee contained a denial of the allegations impeaching the validity of the sale, and an alternative prayer for a sale of so much of the land as would satisfy the judgment of the bank in case the sale was adjudged invalid.

Mitchell had been adjudged a bankrupt, and his assignee, who was made a defendant, answered, and among other things questioned the jurisdiction of the court, but did not appeal from the judgment.

After the issues were made up an order was made, by consent of all the parties, setting aside the sheriff's sale and canceling his deed, and adjudging that Barbee had a lien on the land for the amount of the judgment in favor of the bank, and it was afterward adjudged that the appellee, Bonta, had a lien for his debt against the appellant, and the land was adjudged to be sold, and this appeal is prosecuted to reverse that judgment.

The first ground urged for a reversal (stating them in the order in which they are presented by counsel) is that the petition is defective. It consists of two paragraphs. In the first, facts constituting a cause of action in personam are stated, and this is not questioned. The second was intended to state a cause of action to set aside the sale made by the sheriff under the fi. fa. in favor of the bank. It contains no statement, even in the most general terms, of a debt against the appellant; nor is there any reference therein to the first paragraph, and its sufficiency may well be doubted; and it may also be doubted whether it is not defective in failing to allege a judgment and return of nulla bona.

But we do not deem it necessary to decide either of those questions. Bonta took an assignment of an amount of the judgment on which he was liable as appellant's surety, equal to the amount he had paid thereon, and sued out a fi. fa. and placed it in the hands of the sheriff for collection. The appellant thereupon filed his affidavit in this case and moved the court to order the execution to be returned, and to restrain Bonta from proceeding in that manner to collect his debt, on the ground that the question as to his (appellant's) indebtedness to him was being litigated in this case, and on his motion an order was made directing the fi. fa. to be returned, and in that order it was adjudged that Bonta should have a lien on the land for any judgment he might recover. Having issued his fi. fa. he had an inchoate lien, and might have perfected it by a levy, and the appellant

having procured an order for the return of the execution, and giving to Bonta a lien on the land in lieu of the lien that might otherwise have been secured by the levy of the fi. fa., and having thus secured the benefits of that order so far as it was beneficial to him, he will not be permitted to escape from its burdens or to deprive his adversary of its benefits. Bonta, having acquired a lien through that order, had a right to have it enforced for whatever amount was finally adjudged to him.

It is next objected that there was no pleading authorizing a judgment to sell the land to satisfy the judgment in favor of the bank. The consent order by which the sale under execution was set aside expressly reserved to Barbee a lien for the amount of that judgment, and adjudged so much of the land to be sold as would satisfy it; and it was therefore not important whether the pleadings made out a state of case authorizing such a judgment or not.

We are of opinion that the order of revivor is valid. The death of Henry Bonta was suggested November 16, 1874. On the next day a rule was awarded against the appellant to show cause why the suit should not be revived. That rule was made returnable on the 4th day of the next April term of the court, and although no notice was taken of the rule on that day it was not thereby abandoned. It was appellant's duty to respond to the rule, and not having done so it was proper at any subsequent day to make the rule absolute, and order the suit to stand revived.

It would have been different if, instead of a rule of court, there had been a simple notice by a party of a motion for an order of revivor. In such a case the motion, unless made on the day indicated in the notice or in some way noticed on the record or entered on the motion docket, would be treated as abandoned. Nor is it material that the rule appears to have been awarded on the motion of Murphy, and not on the motion of Bonta's personal representative. Murphy was a party to the suit, and had an interest in its determination; and the appellant, being in court on the rule awarded on his motion, and failing to object to the revivor, waived any objection that might otherwise have existed on account of the manner in which the rule originated.

The chancellor will not ordinarily sell a clouded or encumbered title, but will, in the interest of all parties, require all persons interested in property he is asked to sell to be brought in, that he may not only dispose of the whole subject of controversy at once, but that he may sell the property free from all encumbrances. By so doing he

insures to purchasers an undoubted title and to the parties interested the best possible price.

But he will not always listen to the objection that he is asked to sell an encumbered title. The party making such a suggestion must have discharged his own duty, and will not be heeded if he has been guilty of laches in failing to bring the subject to the attention of the court at the proper time.

The appellant knew when he filed his answer all he now knows of his alleged sale of a part of the land to Dethridge, and should have set up the facts and have thus afforded the appellees an opportunity to amend their pleadings and bring Dethridge before the court in such way as to have a final adjudication touching his rights under that contract. Having failed to do so he can not be heard now to complain that the land may have been sacrificed on account of the uncertainty of the title. Dethridge does not complain, and if the purchaser is satisfied there is no reason for reversing the judgment on account of defects in the title.

Nor can the appellant complain of the consent order setting aside the sheriff's deed to Mitchell, first, because he consented to the order, and second, because he is in no way prejudiced by it. Whether the assignee of Mitchell is bound by that order in no way concerns the appellant.

The land to be sold was not sufficiently described in the petition or judgment. It is impossible to ascertain from the record, with any degree of certainty, whether the tracts adjoin each other or not, and some of them are so imperfectly described that it would not be possible from the judgment, or judgment and petition, to identify the land sold.

For that error, and that alone, the judgment of sale in favor of the appellees, Bonta's Adm'x and Barbee, and the order confirming the sale are *reversed,* and the cause is remanded with directions to order the pleadings to be amended or the land to be surveyed so as to describe it by metes and bounds and courses and distances, and to tax the cost of such further proceedings against the appellees.

*Kyle & Poston, C. A. & P. W. Hardin, W. E. Riley, for appellant.*
*P. B. Thompson, Sr., for appellees.*